UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

STARLA GADDIE, Administratrix of the Estate of
Anna E. Neely, deceased, and on behalf of the Wrongful
Death Beneficiaries of Anna E. Neely                                                  PLAINTIFF

v.                                                                          CIVIL ACTION NO. 3:08CV-255-S

SUNBRIDGE HEALTHCARE CORPORATION, et al.                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the plaintiff, Starla Gaddie, Administratrix of the Estate of Anna E. Neely, deceased, to remand the action to the Jefferson County, Kentucky, Circuit Court.

The complaint alleges the wrongful death of Neely and negligence in her care while she was a resident at Louisville Rehabilitation and Nursing Center. In her complaint, which delineates numerous acts and omissions allegedly causing Neely injury and ultimately death, she cites various state and federal regulations.

The defendants, SunBridge Healthcare Corporation, *et al.* (collectively "SunBridge" herein), removed the action to this court urging that (1) Todd A. Marsh, a Kentucky resident, was fraudulently joined, and (2) that the complaint states a federal question, or an "'embedded federal question,' because Plaintiff's claims under KRS § 216 and the basis for her allegations of negligence 'are state law claims that implicate significant federal issues.' *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (U.S. 2005)." Notice of Removal, p. 4, ¶ 8. This identical argument was made to the court by SunBridge in *Davis v. SunBridge Healthcare Corp.,* Civil Action No. 3:08CV-253-S, and requires an identical disposition here, with the inclusion of recent authority which further supports the court's conclusion.

Despite SunBridge's attempts to articulate federal questions in its notice of removal and responsive memorandum, the court finds this case to be factually and legally indistinguishable from *Shawver v. Bradford Square Nursing, LLC*, No. 3:08-13-DCR, *Rudd v. Advocat, Inc.*, No. 08-53-HRW, decisions from the Eastern District of Kentucky and our own decision in *Davis, supra.*. This court concludes that there are no embedded federal claims in this complaint. The plaintiff has recited federal statutes and regulations in connection with the relevant standard of care applicable to the claims of negligence.

Only when a federal question, embedded or otherwise, can be found on the face of a well-pleaded complaint can federal question jurisdiction be found. *Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987). The removing party bears the burden of demonstrating federal jurisdiction, and all doubts should be resolved against removal. *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007), *citing, Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006).

SunBridge suggests that the references to federal statutes and regulations in the complaint implicate a series of questions which must be answered, and, in turn, requires interpretation of federal statutes and regulations. These supposed matters of federal law alleged to be implicated or embedded in the state law claims are mere constructs of the defendants. We decline to permit the defendants to incarnate a federal case from claims clearly grounded in state law. Even after *Grable*, the plaintiff remains the master of her complaint. *See, Alexander v. Electronic Data Systems Corp*, 13 F.3d 940, 943 (6th Cir. 1994). Until a superior court instructs otherwise, we read *Grable* to be confined to its facts, and find its holding inapplicable here.

Having found itself with the weight of authority from this an other courts favoring remand, SunBridge also urges that Todd A. Marsh, a Kentucky resident, was fraudulently joined to defeat diversity jurisdiction and therefore the court should find that it has diversity jurisdiction over this action.

SunBridge pled in its removal papers that the parties are diverse, but for Marsh, that Marsh was fraudulently joined, and that the amount in controversy exceeds $75,000.00. It urges that no recovery may be had against Marsh. It acknowledges that a colorable claim might be made against him for common law negligence, *citing, Lindsey v. Kentucky Medical Investors, Ltd.*, 2005 WL 2281607 (E.D.Ky. Sept. 19, 2005) (*Murphy v. EPI Corp.*, 2004 WL 405754 creates potential liability on behalf of nursing homes as well as their administrators for injuries sustained by residents). However, SunBridge contends that this claim is barred by the applicable one-year statute of limitations, KRS 413.140. Marsh's employment with the defendant ended March 17, 2006. This action was filed on April 7, 2008, more than one year after Marsh ceased his employment.

The statute of limitations was tolled, and the claim against Marsh was timely filed due to the fact that Neely was of unsound mind, and a personal representative was not appointed for her until April 11, 2007. There does not appear to be any dispute that Neely was incompetent during the period she resided at Louisville Rehabilitation and Nursing Center and until her death. Thus Neely's disability tolled the running of the statute of limitations until her death on March 17, 2007, in accordance with KRS 413.170(1) which states, in pertinent part, that "[i]f a person entitled to bring any action mentioned in KRS 413.090 to 413.160...was, at the time the cause of action accrued,...of unsound mind, the action may be brought within the same number of years after the removal of the disability or death of the person, whichever happens first, allowed to a person without the disability to bring the action after the right accrued."

SunBridge contends that the statute was not tolled because Starla Gaddie, the administratrix of Neely's estate, acted on her behalf under a power of attorney prior to Neely's death. SunBridge urges that Gaddie could have filed suit on behalf of Neely and therefore Neely's disability should not toll the running of the statute of limitations. The cases cited by SunBridge dealt with the appointment of a guardian where it was found that upon such appointment the statute was no longer tolled. Those cases, from the state courts of North Carolina and New York, are contrary to

Kentucky law. *Newby's Adm'r v. Warren's Adm'r*, 126 S.W.2d 436 (Ky. 1939); *Martin v. Celadon Trucking Services, Inc.*, 2006 WL 181864 (W.D.Ky. Jan. 17, 2006)(applying KRS 413.170).

Additionally, there is a significant distinction between the powers of a guardian and a durable power of attorney, as described in *Rice v. Floyd*, 768 S.W.2d 57, 59-60 (Ky. 1989):

> It was not the purpose of K.R.S. 386.093 to permit an attorney-in-fact to undertake all the obligations of a legally appointed guardian...The process of appointing a guardian or conservator is the legal means by which the court applies due process to avoid the possible invasion of civil or legal rights in regard to a partial disability...the courts have always had the inherent duty to protect the rights and interests of incompetents...The position enunciated by the district court that a durable power of attorney can be substituted for a guardianship does not properly recognize the distinctions between the two statutory positions...An incompetent cannot be sued and an attorney-in-fact cannot defend an action on behalf of an incompetent...Defense must be completed by a legally appointed guardian or committee.  The legal and personal requirements of a disabled person are not well satisfied by an attorney-in-fact as they might be by a guardian.  We do not believe they accomplish the same goals as those expressed in the guardianship statutes.

Under Kentucky law, the appointment of a guardian for an incompetent person does not commence the running of the statute of limitations. *Newby's Adm'r., supra.; Martin, supra.*  In any event, no guardian was appointed on behalf of Neely prior to her death.  As the obligations of an attorney-in-fact are not comparable to those of a guardian, *Rice, supra.*, we conclude that the acts of Gaddie as power of attorney on behalf of Neely prior to Neely's death did not remove the disability, and the statute of limitations remained tolled until her death and Gaddie's appointment as administratrix of Neely's estate. *Conner v. George W. Whitesides Company*, 834 S.W.2d 652 (Ky. 1992).  The filing of the claim against Marsh was thus timely, and complete diversity is therefore lacking in this case.

For the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the plaintiff, Starla Gaddie, Administratrix of the Estate of Anna E. Neely, to remand (DN 6) is **GRANTED**.  The Clerk of

Court is directed to transmit the record in this case to the Jefferson Circuit Court, Division Seven (7), for all further proceedings upon entry of this order.

**IT IS SO ORDERED.**